This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

   Plaintiff-Appellee,

v.                                                                    **NO. 32,192**

**DAWN MARTINEZ,**

   Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Thomas J. Hynes, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**CASTILLO, Chief Judge.**

Defendant entered a conditional plea of guilty to the charges filed against her, reserving the right to appeal the denial of her motion to suppress evidence. We proposed to affirm in a calendar notice, and we have received a response from Defendant. We have considered Defendant's arguments, but we are not persuaded by them. We affirm.

Defendant continues to claim the officer had no valid reason for stopping her vehicle. The officer stopped Defendant's vehicle after observing that there was no license plate on the vehicle. In addition, the officer could not read the "piece of paper" in the window of the vehicle. Our laws require that a temporary registration tag be displayed in a particular manner on a vehicle's window and that the tag be clearly visible and legible. NMSA 1978, § 66-3-18 (2007); *see City of Albuquerque v. Haywood*, 1998-NMCA-029, ¶ 11, 124 N.M. 661, 954 P.2d 93, *overruled on other grounds by State v. Leyva*, 2011-NMSC-009, ¶ 17 n.1, 149 N.M. 435, 250 P.3d 861. An officer has the authority to stop and briefly detain a vehicle when the temporary registration tag is not visible to the officer. *Haywood*, 1998-NMCA-029, ¶ 12. Under the circumstances in this case, the officer had the requisite reasonable suspicion to stop Defendant's vehicle. The district court did not err in denying Defendant's suppression motion.

For these reasons and those discussed in our calendar notice, we affirm the decision of the district court.

**IT IS SO ORDERED.**

_____
**CELIA FOY CASTILLO, Chief Judge**

**WE CONCUR:**

_____
**RODERICK T. KENNEDY, Judge**

_____
**MICHAEL E. VIGIL, Judge**